IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL L. PULIS,                                       No. CIV S-05-2088-LKK-CMK

        Plaintiff,

   vs.                                                              ORDER

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

                                 /

        Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the court is plaintiff's motion to compel payment of attorney fees under the Equal Access to Justice Act (" EAJA") directly to legal counsel (Doc. 52).

        On March 26, 2007, the court issued an order remanding this matter to the Commissioner of Social Security under sentence four of 42 U.S.C. § 405(g) (Doc. 48). On June 18, 2007, the parties filed a stipulation for the award and payment of attorney fees under the EAJA (Doc. 50). This stipulation, which was approved by the court, stated that the parties stipulated "that Plaintiff be awarded attorney fees . . . ." (Doc. 50 at 1). The stipulation further stated that the "award is without prejudice to the rights of Plaintiff's counsel to seek Social

1

Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA." (Doc. 50 at 2). The stipulation was quiet as to whom the award should be paid. The payment check was made payable to plaintiff, in care of his attorney, and sent to his attorney's office. Plaintiff now argues that payment should have been made payable to counsel, and requests that the court compel defendant to pay plaintiff's legal counsel directly.

Plaintiff's counsel argues that the congressional intention of the EAJA was to provide for payment directly to plaintiff's counsel, and that failure to do so will have an adverse effect on plaintiff's receipt of his general assistance, food stamps and medical coverage. In addition, counsel argues that plaintiff is unable to manage his funds due to his severe mental impairments. Defendant opposes the payment of the EAJA fees directly to counsel because any EAJA attorney fees awarded belong to plaintiff as the "prevailing party" and a plain reading of the statue requires payment accordingly.

Defendant is correct, that a plain reading of 28 U.S.C. § 2412(d)(1)(A) provides that the court shall award to a prevailing party fees and other expenses incurred in litigation. However, the court does not read this subsection in a vacuum. The procedure required under 42 U.S.C. § 406(b) sheds some light on this subject. When an award is made for payment of attorneys' fees under that section, plaintiff's counsel is required to refund to plaintiff the smaller amount of either an EAJA award or the amount awarded under § 406(b). See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). That procedure clearly contemplates an earlier award of EAJA fees being made to plaintiff's counsel. If plaintiff's counsel could not recover EAJA fees based on a contractual assignment, there would be no necessity for plaintiff's counsel to refund the smaller of the two awards. Allowing an award under EAJA to be paid to plaintiff's counsel based on contractual assignment is thus consistent with the procedure for determining attorneys' fees under the Social Security Act. See Gilbrook v. City of Westminster, 177 F.3d 839, 874-75 (9th Cir. 1999) (in absence of contractual assignment to counsel, attorney fee awards under 42 U.S.C. § 1988 must be made directly to the prevailing party). In fact, defendant seems to agree

1  that payment may be made to plaintiff's attorney if there is a contract between plaintiff and his
2  legal counsel.
3     However, in the case before the court, there is no evidence of any contractual
4  agreement between plaintiff and his counsel.  In this instance, absent any evidence of a contract
5  assigning the EAJA award to counsel, the court is left with the plain reading of 28 U.S.C. §
6  2412(d)(1)(A), which provides that the court shall award to a prevailing party, not the party's
7  attorney, fees and other expenses incurred in litigation.
8     In addition, the stipulation signed by the parties and approved by the court,
9  specifically states that plaintiff is awarded attorney fees.  It does not make any reference to
10 payments to plaintiff's attorney or any assignment of attorney fees.  If it had been the intention of
11 the parties to award plaintiff attorney fees under the EAJA payable to legal counsel, the court
12 would uphold that intention.  However, on the record before the court, there is no such intention.
13    Plaintiff also argues that awarding EAJA fees directly to plaintiff's will interfere
14 with his receipt of general assistance, food stamps and medical coverage, and that plaintiff is
15 unable to manage his funds due to his severe mental impairments.  However, as defendant points
16 out, counsel is in control of the payment as it was sent directly to counsel.  Counsel need only
17 contact his client and have his client sign the check over to him.  The ability or inability of
18 plaintiff to properly manage his financial affairs is not before this court.  In addition, counsel is
19 speculating as to what might happen, stating that payment to plaintiff "might result in poor
20 decisions being made."  This is not a sufficient basis for this court to alter the parties agreement
21 and/or interpret the statute in a different way.  As to plaintiff's receipt of general assistance, this
22 also is not a basis for the court to change how the EAJA award is paid.  The statute and case law
23 are clear that payment is to be made directly to the plaintiff unless there is some contractual
24 agreement between plaintiff and his counsel.
25 / / /
26 / / /

Therefore, unless the parties agree otherwise, the court finds that payment of the EAJA fee award to plaintiff is appropriate in this case. Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel payment of EAJA fees to legal counsel (Doc. 52) is denied.

DATED: April 24, 2008

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE